875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wayne R. BROWN; Janet I. Brown, Plaintiffs-Appellants,
v.
Daniel WRIGHT; Wright Equipment Corporation, Defendants-Appellees.
 No. 88-1716.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 7, 1989.
Decided: May 23, 1989.
 
 Richard H. Lerch (Lerch & Huesman, on brief), for appellant.
 Michael P. Chervenak (Ford & O'Neill, on brief), for appellee.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Wayne R. Brown and Janet I. Brown appeal from the judgment of the district court entered in favor of defendants Daniel Wright and Wright Equipment Company after a jury verdict in this personal injury case. The Browns' sole contention on appeal is that the district court erred in submitting the question of contributory negligence to the jury. We affirm.
 
 
 2
 Wayne Brown's injury, which was the subject of the underlying action, occurred when he was thrown to the ground on a construction site. At the time of the accident in September 1984, Brown was part of a crew that was in the process of assembling a large crane which had been purchased from the defendant Wright Equipment Corporation. Daniel Wright had attached a "come-along" in an attempt to pull together the parts of the crane. At the time of the incident, Wright was operating the crane's hydraulic controls, and Brown was pulling the ratchet lever of the come-along with one foot on the ground and the other on the "car body." The come-along broke off, and Brown was thrown to the ground.
 
 
 3
 The court included in its charge a general instruction on contributory negligence:
 
 
 4
 Before a Plaintiff can recover damages, I instruct you, you must find that the Plaintiff is free of contributory negligence. Contributory negligence is negligence on the part of the Plaintiff that proximately contributes to the happening of an accident. In determining the question of contributory negligence, you are not to consider whether the Plaintiff's negligence was less than or the same as or greater than that of the Defendant. Contributory negligence to any degree bars recovery, since the law does not permit one to recover damages where his negligence was a factor in bringing about the harm. Now, where there is a claim made that the Plaintiff was guilty of contributory negligence, the Defendant has the burden of proving by a preponderance of the evidence that the Plaintiff's negligence was a cause of his injuries.
 
 
 5
 The jury returned a verdict for the defendants, apparently concluding that Brown was guilty of contributory negligence because of the manner in which he pulled the ratchet lever and placed his feet while operating the come-along. On appeal, the Browns contend that Wayne Brown's body position could not have contributed to the accident or at least to his injury and that no other facts existed from which a jury could draw an inference of contributory negligence. They argue, therefore, that the district court erred in submitting the question of contributory negligence to the jury.
 
 
 6
 In our view, the evidence was sufficient to ground the court's general instruction and to sustain an inference of contributory negligence on Brown's part. See Moodie v. Santoni, 292 Md. 582, 586-91 (1982); Fowler v. Smith, 240 Md. 240, 246-47 (1965). The judgment of the district court, therefore, is affirmed.
 
 
 7
 AFFIRMED.